# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8203 | **DATE** | 12/7/2011 |
| **CASE TITLE** | Theodore E. Brown vs. Northwestern University | | |

**DOCKET ENTRY TEXT**

For the reasons listed in the Statement section of the order, defendant Northwestern University's "Motion for Summary Judgment" [20] is granted. Theodore E. Brown's complaint is dismissed because he did not sue within the period allowed by 42 U.S.C. § 2000e-5(f)(1).

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

On December 27, 2010, plaintiff Theodore E. Brown filed a complaint alleging that defendant Northwestern University violated Title VII of the Civil Rights Act of 1964. (Dkt. No. 1.) Before the court now is Northwestern's "Motion for Summary Judgment" (Dkt. No. 20), which argues for dismissal of Brown's complaint because he did not sue "within ninety days after the giving of . . . notice" by the Equal Employment Opportunity Commission (EEOC) that he has a right to sue, as required by 42 U.S.C. § 2000e-5(f)(1). Brown filed a response to the motion (Dkt. No. 24). Northwestern's reply is due on December 9, but the court has no need of a reply, as it has sufficient information to decide the motion in Northwestern's favor.

A grant of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "There is no genuine issue of material fact when no reasonable jury could find in favor of the nonmoving party." *Brewer v. Bd. of Trs. of the Univ. of Ill.*, 479 F.3d 908, 915 (7th Cir. 2007). When ruling on a motion for summary judgment, the court must consider the facts before it in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010).

In support of its motion, Northwestern has submitted the "Track and Confirm" records from the U.S. Postal Service, which indicate the delivery history of the right to sue letter that the EEOC sent to Brown. (Dkt. No. 22-1). According to those records, the EEOC sent the notice by certified mail, there was "notice left" at Brown's P.O. Box on September 15, 2010, and the letter was "delivered" on October 5, 2010. The parties dispute whether September 15 or October 5 is the appropriate date from which to calculate the ninety day period in which Brown could commence his suit. If September 15 is the appropriate date, as Northwestern argues, Brown's commencement of the suit on December 27 came too late, and the complaint must be dismissed.

Brown contends that letter was delivered on October 5, as indicated by the note in the Track and Confirm record that the letter was "delivered" on that date. The U.S. Postal Service website indicates, however, that the "Notice Left" designation means that a letter is ready to be picked up at the post office on that date, and that the

**STATEMENT**

"Delivered" designation indicates the date the recipient in fact picks up the letter from his P.O. Box. *See* U.S. Postal Service, *Frequently Asked Questions: Track and Confirm–Tracking Mail*, http://faq.usps.com (last visited Dec. 7, 2011). (The court may take judicial notice of the information on a government website, because it is "not subject to reasonable dispute" and is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).) Brown has not presented any contrary evidence to support his reading of the Track and Confirm records. Consequently, there is no material dispute that the letter arrived at Brown's P.O. Box and was available for pickup on September 15.

Moreover, although it is true "that claimants who do not receive actual knowledge of their right-to-sue letter through no fault of their own should not be penalized," a plaintiff must take "reasonable steps" to ensure that he receives the letter. *St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1317 (7th Cir. 1984). If the plaintiff does not take such steps, "he will be deemed to receive the letter when it arrives at the most recent address that he provided to the EEOC." *Clark v. W. Union Tel. Co.*, 914 F.2d 260, 1990 WL 130688, at *1 (7th Cir. Sept. 12, 1990) (unpublished).

In this case, Brown asserts that he was "out of town" on September 15, and thus could not retrieve the letter from his P.O. Box when it first arrived. *See* Pl.'s SOF (Dkt. No. 24), at ¶ 10. The court finds that by not making arrangements to have his mail checked while he was away on vacation, Brown did not take reasonable steps to ensure that he received any communication from the EEOC. Consequently, the ninety day period for Brown to sue began on September 15 and expired on December 14. His filing on December 27 is thus beyond the allowed period, and his complaint must be dismissed. Northwestern's Motion for Summary Judgment is therefore granted.

*James F. Holderman*